IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHANNON C. HURST

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

    Defendant.

Civ. No. 09-6174-AA

OPINION AND ORDER

---

David W. Hittle
Swanson, Lathen, Alexander,
McCann & Prestwich
Suite 1000, 388 State St.
Salem, OR 97301
    Attorney for plaintiff

Dwight C. Holton
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

Michael S. Howard
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075
    Attorneys for defendant

AIKEN, Chief Judge:

    Plaintiff brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain

1    - OPINION AND ORDER

judicial review of the Commissioner's decision denying his applications for disability insurance benefits (DIB) and supplement security income benefits (SSI). The Commissioner's decision is reversed and remanded for further administrative proceedings.

## DISCUSSION

Plaintiff argues that the ALJ erred in finding that his headaches were not severe at step two of the applicable sequential disability analysis. I agree.

"An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks and citations omitted). "Step two, then, is 'a de minimis screening device [used] to dispose of groundless claims,' and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Smolen, 80 F.3d at 1290 and S.S.R. 85-28).

The ALJ found that plaintiff's headaches were not severe, because the medical evidence of record did not support the severity of his alleged symptoms, and plaintiff's complaints were deemed not credible. Tr. 22-24. Thus, the ALJ found plaintiff not disabled at step two and did not proceed to steps three, four, or five. However, the objective medical evidence includes diagnoses of post-concussion syndrome and head and neck pain, as well as several prescriptions for pain medication. Tr. 175, 189, 202, 220, 222, 236-38, 240, 248, 259, 385, 436-39, 450, 461-65. The medical

2   - OPINION AND ORDER

evidence thus meets the de minimis screening threshold at step two, and the ALJ's findings are more appropriate in assessing plaintiff's residual functional capacity and his ability to perform his past relevant work or other work activity. See Webb, 433 F.3d at 688 ("There is not, in this instance, the *total absence of objective evidence of severe medical impairment* . . . .") (emphasis added); see also Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001) ("Generally, a claimant's credibility becomes important at the stage where the ALJ is assessing residual functional capacity . . . .").

This is *not* to say that the ALJ's credibility analysis is erroneous, or that the record as a whole supports plaintiff's claim, or that plaintiff will or should succeed in establishing disability under the Act. Rather, I find only that the record does not demonstrate the "total absence of objective evidence" of a severe, medical impairment, and that the ALJ should have "continued the sequential analysis beyond step two." Webb, 433 F.3d at 688. In sum, further administrative proceedings are necessary and remand is required. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000).

## CONCLUSION

The ALJ's step two finding is not supported by substantial evidence in the record, and the decision of the Commissioner is REVERSED and REMANDED for further administrative proceedings. IT IS SO ORDERED.

Dated this 21 day of June, 2010.

Ann Aiken
United States District Judge

3 - OPINION AND ORDER